IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KANSAS CITY CEMENT MASONS PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )  Case No. 05-1032-CV-W-ODS ) |
| BULLDOG CONCRETE, LLC, | ) ) |
| Defendant. | ) |

ORDER AND OPINION GRANTING PARTIAL SUMMARY JUDGMENT

Pending is Plaintiffs' Motion for Summary Judgment (Doc. #24). Defendant's response was due on or before March 12, 2007. On March 19, 2007, the Court directed Defendant to show cause why Plaintiff's relief should not be granted. To date, no response has been filed. Accordingly, pursuant to Local Rule 56.1(a), the facts set forth in Plaintiffs' motion are deemed admitted for the purpose of this Motion. Having reviewed the Motion and its accompanying supporting documents, summary judgment on the issue of liability is entered in favor of Plaintiff. Because the record is not sufficient at this time to establish complete damages, Defendant is directed to submit an accounting of its books and records to determine the total number of hours worked and/or paid to employees covered by the collective bargaining agreements between September 1, 2002 to the date of this Order.

I. BACKGROUND

On or about September 1, 2002, Defendant stipulated and agreed to be bound by the terms and conditions of the collective bargaining agreement between the Builders Association of Missouri ("Association") and Cement Masons Local No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO ("Union"). Between September 1, 2002 and present, Defendant performed concrete work in Greene County, Polk County, Hickory County and Cedar County. The Kansas

City Cement Masons Pension Fund, Kansas City Cement Masons and Plasterers Local 518 Welfare Fund, Kansas City Masons and Plasterers Local 518 Vacation Fund, Kansas City Cement Masons Apprenticeship and Training Fund ("Plaintiff Funds") are trust funds existing and established pursuant to the Labor Management Relations Act and said funds are employee benefit plans within the meaning of Section 2 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002.

Cement mason employees of Defendant were employed under the terms of the collective bargaining agreements ("CBA"), under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Funds various sums per hour for each cement mason employee covered by and subjected to the agreements from September 1, 2002. Defendant failed to make employee fringe benefit contributions on behalf of its employees for work covered by the CBA from September 1, 2002 to the present

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Plaintiffs' cause of action is based upon ERISA. Plaintiffs are seeking payment of employee benefit plan contributions to the three Plaintiff employment benefit funds as revealed by an audit conducted on Defendant employer's books and payroll records. On September 1, 2002, Defendant stipulated to be bound by the terms of the collective bargaining agreements in effect between the Association and the Union. Kristi Proctor, sole member of Defendant, admitted in her deposition testimony that she signed the stipulation on behalf of Defendant. The CBA was thereafter extended until March 31, 2009. Thereafter, Defendant was contractually obligated to the terms of the CBA, which included making contributions to the Plaintiff Funds on behalf of its employees for all work performed by its employees under the collective bargaining agreement. It is undisputed that Defendant failed to make employee fringe benefit contributions on behalf of its cement mason employees under the CBA. It is further undisputed that Defendant's employees performed the work covered by the CBA.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment on the issue of liability is granted. Defendant is directed to submit an accounting of its books and records to determine the total number of hours worked and/or paid to employees covered by the collective bargaining agreements between September 1, 2002 to the date of this Order.

IT IS SO ORDERED.

DATE: May 1, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3